UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RYAN SANTI** | **CIVIL ACTION** |
| **VERSUS** | **NO:  23-6858** |
| **BIG EASY BUCHA, LLC** | **SECTION: "A" (4)** |

## ORDER

Before the Court is a **Motion to Compel and for Attorney's Fees (R. Doc. 28)** filed by the Plaintiff seeking to compel the Defendant to respond to Plaintiff's Requests for Production and pay all costs and reasonable attorney's fees incurred in raising the subject Motion. The Motion is opposed. R. Doc. 29. The Motion was heard on April 24, 2024.

### I.  Introduction

#### A.  Factual Background

This litigation arises from a former employer's alleged breach of an employment contract. R. Doc. 1. Plaintiff Ryan Santi ("Santi") alleges that he was hired by Defendant Big Easy Bucha, LLC ("Big Easy Bucha") as a Senior Director in July 2021. R. Doc. 28-1 at 1. Santi alleges that Big Easy Bucha was later acquired by Beliv, a Latin American Beverage Producer, in November 2021. *Id.* Santi further asserts that on January 1, 2022, he was promoted to Managing Director of Big Easy Bucha and provided an employment contract that included an annual bonus of up to 40% of his base pay. *Id.* at 1-2.

Santi alleges that on November 16, 2022, he was advised that his position was being eliminated and that his employment would end on December 31, 2022. R. Doc. 28-1 at 2. Santi alleges that he worked the full calendar year of 2022, and performed all services required by his employment. *Id.* Santi alleges that despite working for the entirety of 2022, performing all services

required by Big Easy Bucha, and achieving several (if not all) of the bonus guidelines, he did not receive a bonus when all other bonus eligible employees received their bonuses for 2022. *Id.*

Santi asserts that he was subsequently informed that the bonus was "discretionary" and alleges that Big Easy Bucha relied on an illegal forfeiture clause in denying his bonus that was not included in the employment contract between the parties. R. Doc. 28-1 at 3.

Santi filed suit against Big Easy Bucha in the Civil District Court for the Parish of Orleans on August 14, 2023, alleging that Big Easy Bucha's refusal to pay his bonus was a violation of Louisiana's Wage Payment Statute[1] and an illegal wage forfeiture. R. Doc. 1-3 at 3. Santi alleged that he was consequently entitled to the entire 40% of his annual salary for his 2022 bonus, which equals $76,800, as well penalty wages from the date of the first demand for unpaid wages, which equals $66,461.40, and attorneys' fees. *Id. Citing* La. R.S. 23:632. Big Easy Bucha subsequently removed the suit to this Court on November 15, 2023. R. Doc. 1.

Santi alleges that he propounded Requests for Production of Documents on Big Easy Bucha on February 14, 2024. R. Doc. 28-1. Santi further alleges that the parties conducted a Rule 37 conference via telephone on April 1, 2024, after Big Easy Bucha failed to respond to Plaintiff's discovery within thirty days. *Id.* at 3. Santi alleges that Big Easy Bucha was given an extension to respond by April 5, 2024 at this Rule 37 conference, and that Big Easy Bucha once against failed to respond. *Id.*

### B. The Present Motion

Santi filed the present Motion to Compel on April 9, 2024, asserting that Santi's Requests for Production are clearly relevant and that Big Easy Bucha's refusal to provide responsive documents prejudices Santi's ability to prosecute his case. R. Doc. 28-1 at 4. Santi further asserts

---

[1] La. R.S. 23:631

that Big Easy Bucha's failure to timely object or respond waives any objections to Santi's discovery requests, other than those based on attorney-client privilege. *Id.* at 5. Santi further alleges that Big Easy Bucha should be required to pay all costs and attorneys' fees incurred by Santi in bringing the instant motion pursuant to Rule 37(a)(4)(A). *Id.*

Santi further asserts that Big Easy Bucha never requested an extension of time to respond prior to the March 15, 2024 deadline for their responses to Santi's RFPs. R. Doc. 30 at 1. Santi alleges that Big Easy Bucha's Motion for Judgment on the Pleadings made their responses more urgent, not "on hold", because Santi needed the responses to properly respond to this motion. *Id.* Santi asserts that several of the documents requested in the RFPs were documents referenced in the pleadings at issue in Big Easy Bucha's motion, and therefore highly relevant and pertinent to Santi's defense to the motion. *Id.* at 2. For example, Santi asserts that he was not able to obtain a copy of the guidelines he was given during his employment regarding annual bonuses because of Big Easy Bucha's failure to respond to discovery. R. Doc. 30 at 3. Santi asserts that these guidelines are relevant to the issue of whether the bonus was discretionary and whether Santi had fulfilled the requirements to earn the bonus. *Id.*

Santi further alleges that Big Easy Bucha has failed to demonstrate any good faith basis to prevent the Court from deeming their objections waived and fees and costs owed. R. Doc. 30 at 6. Santi asserts Big Easy Bucha was given two additional weeks after the first deadline, thus giving six weeks to respond to discovery before Santi requested a Rule 37 conference. *Id.* at 4-5. Santi further alleges that counsel for Big Easy Bucha agreed to provide the responses by the April 5, 2024, deadline at the Rule 37 conference, and that another Rule 37 conference was not necessary upon Big Easy Bucha's failure to meet this second deadline. *Id.* at 6.

Big Easy Bucha Opposes the Motion and asserts that there was good cause to delay responses to Santi's discovery requests because discovery was "on hold" in this matter. R. Doc. 29. Big Easy Bucha alleged that the parties had been engaged in ongoing settlement discussions and that Big Easy Bucha had filed a Motion for Judgment on the Pleadings under Rule 12(c) on February 23, 2024, that was not dismissed until April 3, 2024. *Id.* at 1-2. *See* R. Doc. 15. *See also* R. Doc. 26. Big Easy Bucha further asserts that Santi filed a Motion for Leave to File First Amended Complaint on April 1, 2024, and only gave Big Easy Bucha four days from the Rule 37 conference to provide discovery responses. *Id*. at 2.

Notably, Big Easy Bucha asserted that they did not object to producing responses to discovery and would produce them by April 24, 2024, the date of the hearing in this matter. R. Doc. 29 at 3. However, Big Easy Bucha asserted that the procedural posture of this case did not entitle Santi to prohibit Big Easy Bucha's objections to discovery or gain an award of attorneys' fees in bringing an unnecessary Motion to Compel. *Id.* Big Easy Bucha further alleges that Santi's counsel failed to meet the requirements of Rule 37 because they did not attempt in good faith to contact counsel after the end of the four-day extension of time to respond and Big Easy Bucha's delay was substantially justified. *Id*.

## II.     Standard of Review

Federal Rule of Civil Procedure 26(b)(1) sets the scope of discovery to include "any non-privileged matter that is relevant to any party's claim or defense[.]" FED. R. CIV. P. 26(b)(1). Rule 26(b)(1) further specifies that "[i]nformation within this scope of discovery need not be admissible in evidence to be discovered." *Id.* Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any designated tangible things." FED. R. CIV. P. 34(a)(1). For each item or category, a "response must . . . state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34 (b)(2)(B). Rule 34 further provides that the responding party must provide a written response within thirty days of service. FED. R. CIV. P. 34 (b)(2)(A).

Rule 37 allows a party to move for an order compelling discovery from another party in certain circumstances and provides sanctions for failure to cooperate with discovery. In particular, Rule 37(a)(3)(b)(iii)-(iv) allows a party seeking discovery to move for an order compelling an answer or production of documents where a party "fails to produce documents[.]" In this context, an "evasive or incomplete" production is treated the same as a complete failure to produce. FED. R. CIV. P. 37(a)(4).

A Motion to Compel under Rule 37(a) must allege that the responding party has failed to properly cooperate with discovery and "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1).

**III.   Analysis**

As an initial matter, the Court finds that Santi provided an adequate Rule 37(a) certification. *Id.* After providing Big Easy Bucha six weeks to respond to Santi's discovery requests, Santi held a Rule 37 Conference in which the parties agreed on a deadline for Big Easy Bucha to produce the requested discovery responses. Big Easy Bucha failed to meet this deadline

and Santi subsequently filed the subject Motion. Therefore, the Court finds that the requirements of Rule 37(a) have been met. FED. R. CIV. P. 37(a).

At the hearing on April 24, 2024, Santi's counsel asserted that Big Easy Bucha provided the requested discovery responses one day prior to the hearing. However, Santi's counsel asserted that the discovery responses included untimely and improper objections.

In response, Big Easy Bucha's counsel asserted that their objections were limited to Santi's requests for payment information of Big Easy Bucha's employees, and that an award of attorneys' fees was improper since Big Easy Bucha had just cause for delay. Big Easy Bucha's counsel further asserted that they had just received documents reflecting communications but could not determine which communications may be responsive to since they were a mix of Spanish and English.

During oral argument, counsel narrowed the issues down to four areas: (1) Big Easy Bucha's objections (2) production of documents regarding payment information for employees of Big Easy Bucha, (3) production of Big Easy Bucha's communications, and (4) attorneys' fees. Therefore, the Court analyzes each of these four issues below.

**A. Big Easy Bucha's Objections**

Santi argues that Big Easy Bucha's general objections are improper, and that their untimely response waives any possible objections other than those based on attorney-client or work product privilege. R. Doc. 28. In response, Big Easy Bucha alleges that their objections have not been waived because there was good cause for their delay. R. Doc. 29.

Upon review, Big Easy Bucha's responses to Santi's Requests for Production of Documents include eleven objections that Big Easy Bucha categorized as "General Objections." Federal jurisprudence is clear that general objections are improper. *See Rosalez Funez v. E.P.S.P.*, LLC, No. 16-1922, 2016 WL 5337981 (E.D. La. Sept. 23, 2016) (Roby, M.J.) (finding that the

defendants' use of general objections was improper and striking them from defendants' responses to plaintiff's requests for production). Therefore, the Court strikes Big Easy Bucha's general objections.

As for the remainder of Big Easy Bucha's objections, the parties agree that Big Easy Bucha's responses were provided on April 23, 2024, almost six weeks from their deadline to respond to the discovery requests that Santi propounded on February 14, 2024. In the absence of an extension of time or good cause, the failure to file a written response to discovery requests within thirty days generally constitutes a waiver of any objection. *Salman v. Balderas*, No. 18-10966, 2019 U.S. Dist. LEXIS 234392, at *5-6 (E.D. La. Aug. 2, 2019) (Roby, M.J.) (personal injury suit in which the Court found that the plaintiff's untimely objections, except those protected by attorney-client confidentiality and work-product privilege, were deemed waived) (citing *Ordoyne v. McDermott, Inc.*, No. 99-3456, 2000 WL 1154616, at *1 (E.D. La. Aug. 14, 2000) (Wilkinson, J)). The Court's evaluation of good cause for delay is a question of fact determined on a case-by-case basis. *Salman*, 18-10966 at *7. The Fifth Circuit requires that the party resisting discovery bears the burden of showing how each request is irrelevant, overly broad, unduly burdensome, or oppressive. *Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 159 (S.D. Tex. Mar. 19, 2009). This burden is typically heightened where responses are untimely. *Enron*, 258 F.R.D. at 159.

In this case, Big Easy Bucha asserts that discovery was "on hold" due to on-going settlement discussions and Big Easy Bucha's Rule 12(c) Motion for Judgment on the Pleadings. R. Doc. 29 at 2. Big Easy Bucha asserts that this "hold" on discovery establishes good cause for their delay, and that Santi failed to confer with Big Easy Bucha after filing his Motion for Leave to Amend. *Id.*

The Court finds that this reasoning does not establish good cause for Big Easy Bucha's nearly six-week delay in responding to Santi's discovery. Ongoing settlement negotiations and a small number of pre-trial motions do not supersede the obligation to respond to discovery under the Federal Rules of Civil Procedure, and Big Easy Bucha's responses were not produced until after Santi filed the subject Motion to Compel. *See Motion Industries, Inc. v. Superior Derrick Services, LLC*, No. 15-1958, 2016 WL 760776, at *2-3 (North, M.J.) (finding that the plaintiff had waived its potential objections to defendant's discovery requests after a six-week delay in responding to defendant's discovery). *Compare with Duncan v. Nunez*, No. 17-CV-1623, 2019 U.S. Dist. LEXIS 194200, at *3, 14-15 (W.D. La. Nov. 7, 2019) (Perez-Montes, M.J.) (§1983 excessive force case in which the Court found that the untimely objections at issue were not waived because the defendants had remedied their failure to respond and established good cause for the delay due to the "countless motions filed" and the "substantial amount of discovery requests"). Therefore, the Court finds that Big Easy Bucha's objections to Santi's discovery, aside from those based on attorney-client or work-product privilege, are waived.

However, "the Court retains discretion to decline to compel production of requested documents where the requested information is irrelevant or not reasonably calculated to lead to discover of admissible evidence, even if a timely objection has not been made." *Cheshire v. Air Methods Corp.,* No. 3:15-CV-933, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015) (Hayes, M.J.) (citations omitted).

At the hearing on this matter, Big Easy Bucha's counsel asserted that the only documents that had not been provided were: (1) payment information for employees of Big Easy Bucha and (2) Big Easy Bucha's communications. Santi's counsel did not contest this representation. Therefore, the Court shall utilize its discretion to evaluate this disputed discovery.

**B. Production of Payment Information for Employees of Big Easy Bucha**

Upon review, the Court finds that RFP No. 10, 11, 12, 13, and 18 request documents reflecting payment information for Big Easy Bucha's employees. The Court analyzes each of these discovery requests below.

### 1. RFP No. 10

RFP No. 10 requested that Big Easy Bucha "produce a copy of all statements for all bonus compensation earned by Mr. Santi in 2021." In response to RFP No. 10, Big Easy Bucha raised their general objections. Subject to these objections, Big Easy Bucha asserted that no responsive documents existed because Mr. Santi did not earn a bonus in 2021. In support, Big Easy Bucha cited to BEB_0055-0093, which purportedly contains Mr. Santi's paystubs for his employment from 2021 and 2022.

The Court overrules Big Easy Bucha's general objections, on the basis that they are improper under federal jurisprudence. However, the Court finds that Big Easy Bucha response to RFP No. 10 that no responsive documents exist is sufficient. Therefore, Santi's request to compel further response to RFP No. 10 is denied.

### 2. RFP Nos. 11, 12, and 13

RFP No. 11 requested that Big Easy Bucha produce a "copy of any documents showing the bonuses received by all other employees of Defendant in 2021." In response to RFP No. 11, Big Easy Bucha objected on the basis of overbreadth, undue burden, and confidentiality. Big Easy Bucha's response did not explain how RFP No. 11 was overbroad or unduly burdensome, but provided that it sought confidential information regarding compensation of non-party employees.

RFP No. 12 requested that Big Easy Bucha produce a "copy of any documents showing the bonuses received by all other employees of Defendant in 2022." In response to RFP No. 12,

Big Easy Bucha provided the same objections of overbreadth, undue burden, and confidentiality seen in response to RFP No. 11.

RFP No. 13 requested that Big Easy Bucha produce a "copy of any documents showing how the bonuses received by all other employees of Defendant in 2022 were calculated." In response to RFP No. 13, Big Easy Bucha raised the same objections of overbreadth, undue burden, and confidentiality seen in response to RFP No. 11.

The Court sustains Big Easy Bucha's objections of overbreadth to the extent RFP Nos. 11, 12, and 13 request responsive documents for "all other employees of Defendant[.]" Given the size of this international business entity, the Court limits RFP Nos. 11, 12, and 13 to employees working in person or remotely from the Big Easy Bucha office in Louisiana. The Court further finds that a protective order is appropriate to protect any confidential information produced in response to RFP Nos. 11, 12, and 13.

Therefore, Santi's request to compel further response to RFP Nos. 11, 12, and 13 is granted to the extent that Big Easy Bucha must provide responsive documents for employees working in person or remotely from the Big Easy Bucha office in Louisiana.

### 3. RFP No. 18

RFP No. 18 requested that Big Easy Bucha "produce a copy of any documents showing the failure/refusal to pay 2022 bonuses to any other employee(s), aside from Mr. Santi." In response to RFP No. 18, Big Easy Bucha objected on the basis of overbreadth, undue burden, confidentiality, and assuming a legal conclusion that other employees had met the goals required to be eligible to receive a bonus.

The Court sustains Big Easy Bucha's objection of overbreadth as to RFP No. 18's request for responsive documents for "any other employee(s)" in 2022 for the reasons provided above.

Furthermore, the Court finds that RFP No. 18 does not assume a legal conclusion. If Big Easy Bucha is suggesting that no other employees met the goals required to receive a bonus, then responsive documentation should exist showing Big Easy Bucha's decision to not provide a bonus to their employees.

Therefore, Santi's request to compel further response to RFP No. 18 is granted to the extent that Big Easy Bucha must provide responsive documents for employees working in person or remotely from the Big Easy Bucha office in Louisiana in 2022.

### C. Production of Big Easy Bucha's Communications

Upon review, the Court finds that RFP Nos. 4, 15, 16, 17, 19, and 20 request Big Easy Bucha's communications. The Court analyzes these requests together, since each of these requests are involved Big Easy Bucha's pending supplemental production in light of recently acquired communications.

#### 1. *RFP Nos. 4, 15, 16, 17, 19, and 20*

RFP No. 4 requested that Big Easy Bucha "produce a copy of all communications to or from any person regarding the decision to deny payment of Mr. Santi's 2022 bonus." In response to RFP No. 4, Big Easy Bucha objected on the basis of overbreadth, and asserted that the requested assumed that Mr. Santi was entitled to receive a bonus. Subject to these objections, Big Easy Bucha asserted that there were no responsive documents to RFP No. 4.

RFP No. 15 requests that Big Easy Bucha "produce a copy of all communications to or from Facundo Ariel Estevez relating in any way to Defendant's decision to not pay Mr. Santi a bonus in 2022." In response to RFP No. 15, Big Easy Bucha objected on the basis that it assumed a legal conclusion that Mr. Santi had met the goals required to be eligible to receive a bonus.

11

Subject to these objections, Big Easy Bucha asserted that there were no responsive documents to RFP No. 15.

RFP No. 16 requested that Big Easy Bucha "produce copies of any and all correspondence from Mr. Santi to Defendant regarding request for payment of his 2022 bonus." In response to RFP No. 16, Big Easy Bucha cites to their general objections and asserts that it would produce any responsive documents in its possession subject to this Request, to the extent that such communications exist.

RFP No. 17 requested that Big Easy Bucha "produce a copy of all communications to or from any other person (aside from Facundo Ariel Estevez) relating in any way to Defendant's decision to no pay Mr. Santi a bonus in 2022." In response to RFP No. 17, Big Easy Bucha objected on the basis that it presumed a legal conclusion that Mr. Santi had met the goals required to be eligible to receive a bonus. Subject to this objection and their general objections, Big Easy Bucha asserted that there were no responsive documents.

RFP No. 19 requested that Big Easy Bucha "produce a copy of any and all documents, including emails, text messages, and other forms of communications, to and/or from any employee of Defendant (other than those specifically noted in the requests above) that related in any way to Defendant's decision to not pay Mr. Santi's 2022 bonus." In response to RFP No. 19, Big Easy Bucha objected on the basis that it presumed the legal conclusion that Mr. Santi had met the goals required to be eligible to receive a bonus. Subject to this objection and their general objections, Big Easy Bucha asserted that there were no responsive documents.

RFP No. 20 requested that RFP No. 20 "produce a copy of all documents that show the reason for Defendant's refusal to pay Mr. Santi's 2022 bonus." In response to RFP No. 20, Big Easy Bucha objected on the basis of overbreadth, asserted that the request was cumulative of other

requests, and presumed that Mr. Santi had met the goals required to be eligible to receive a bonus. Subject to this objection and their general objections, Big Easy Bucha asserted that there were no responsive documents.

The Court overrules Big Easy Bucha's general objections, objection of overbreadth, and finds that RFP Nos. 4, 15, 16, 17, 19, and 20 do not assume an issue of law. At the hearing on this matter, Big Easy Bucha's counsel asserted that they had just received communications but could not determine which were responsive to Santi's discovery requests since the communications were in both Spanish and English. Therefore, Big Easy Bucha must supplement their responses to RFP Nos. 4, 15, 16, 17, 19, and 20 with any responsive communications included in this recent production after translation from Spanish to English. The Court finds that the parties must confer and agree to search terms and the scope of digital searches of these communications. The Court further finds that the parties must draft an ESI Protocol in this matter and procure an affidavit by the person(s) who conducts the digital search reflecting what was searched and what was found.

Therefore, Santi's request to compel further response to RFP Nos. 4, 15, 16, 17, 19, and 20 is granted to the extent that Big Easy Bucha must supplement their responses to include any responsive communications found in the digital search of their recently acquired communications.

**D. Attorneys' fees**

Santi requests an award of attorneys' fees pursuant to Rule 37(a)(4). R. Doc. 28. Big Easy Bucha opposes Santi's request for attorneys' fees, on the basis that their delay was reasonable.

The Court finds that Rule 37(a)(5), not Rule 37(a)(4)[2], is the proper source for an award of attorneys' fees in a motion to compel. Under Rule 37(a)(5)(A), "[i]f the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after

---

[2] Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

13

giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees". FED. R. CIV. P. 37 (a)(5)(A). However, the Court *may* grant such an award where the motion is granted in part and denied in part. FED. R. CIV. P. 37(5)(C).

Since the Court ultimately found that several of Santi's discovery requests were overbroad and denied Santi's request to compel further response to RFP No. 10, the Court finds that an award of attorneys' fees is unwarranted in this case. Therefore, Santi's request for attorneys' fees is denied.

### IV.   Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Compel and for Attorney's Fees (R. Doc. 28)** is **DENIED IN PART and GRANTED IN PART.**

**IT IS DENIED** to the extent that Plaintiff Ryan Santi's request to compel further response to RFP No. 10 and request for an award of attorneys' fees are **DENIED.**

**IT IS GRANTED** to the extent that Plaintiff Ryan Santi's request to compel further response to RFP Nos. 4, 11, 12, 13, 15, 16, 17, 18, 19, and 20 is **GRANTED.**

**IT IS FURTHER ORDERED** that the parties meet and confer to agree upon an ESI limited protocol that defines the areas to be searched by the IT employees of Defendant Big Easy Bucha, LLC. The parties shall produce this ESI limited protocol to the Court within ten (10) days. The Court Orders that the person(s) who conducts the search produce an affidavit to the parties reflecting what was searched and what was found.

**IT IS FURTHER ORDERED** that Defendant Big Easy Bucha, LLC has thirty (30) days from the signing of this Order to supplement their responses to Plaintiff Ryan Santi's Requests for Production as ordered above.

New Orleans, Louisiana, this 9th day of July 2024.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**